IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC LAMONT CHISUM, #310799       *
    Petitioner,
     v.                               * CIVIL ACTION NO. DKC-12-1521

BOBBY P. SHEARIN, et al.          *
    Respondents.
                                ***

# MEMORANDUM

On May 21, 2012, the Court received for filing this 28 U.S.C. § 2254 Petition for writ of habeas corpus, dated May 15, 2012. (ECF No. 1). This is the first § 2254 petition filed by Petitioner, who was sentenced on October 4, 2002, and filed his first state post-conviction petition on February 5, 2009. (*Id*., at 1 & 4). Respondents were ordered to file a limited answer as to the timeliness of the Petition,[1] with Petitioner granted additional time to file a reply to the response. (ECF No. 4 at 3).

---

[1] Title 28 U.S.C. § 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The statute further provides: the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On July 9, 2012, Respondents filed an answer to Petitioner's application for habeas relief solely addressing the timeliness of Petitioner's application. (ECF No. 5). Petitioner has not filed a reply.

On July 29, 2002, Petitioner pled guilty to first-degree murder and third-degree sexual offense in the Circuit Court for Wicomico County, Maryland. (*Id*., Ex. 1 at 5). On October 4, 2002, he was sentenced to life plus ten years incarceration. (*Id*., at 5-7). He did not seek leave to appeal the entry of his guilty plea. Therefore, his judgment of conviction became final on November 4, 2002, when the time for seeking leave to appeal expired. *See* Md. Code Ann., Cts. & Jud. Proc. Art., § 12-302(e) (2002) and Md. Rule 8-204(b).

On February 5, 2009, Petitioner filed his first post-conviction petition in the Circuit Court for Wicomico County, Maryland. (ECF No. 5, Ex. 1 at 11). On June 29, 2009, Circuit Court Judge Donald D. Davis granted Petitioner the right to file three belated papers: (1) a motion for reconsideration of sentence; (2) a motion for sentence review by a three-judge panel; and (3) an application for leave to appeal the entry of his guilty plea. (*Id.*, Ex. 2). Post-conviction relief was otherwise denied. Neither the State of Maryland nor Petitioner sought leave to appeal the rulings of the post-conviction court.

In light of the favorable post-conviction court rulings, Petitioner filed a motion for reconsideration, a motion for sentence review by a three-judge panel, and an application for leave to appeal the entry of his guilty plea. (*Id*., Ex. 1 at 13-14). On August 11, 2009, the reconsideration request was denied. (ECF No. 5, Ex. 1 at 14). On August 30, 2009, the three-judge panel declined to modify Petitioner's life sentence. *Id.* On July 7, 2010, the application for leave to appeal was summarily denied by the Court of Special Appeals of Maryland. (*Id*., Ex. 3). The mandate was issued August 6, 2010. (*Id*., Ex. 1 at 14). Petitioner did not seek review of this decision in the

Supreme Court and his judgment therefore became final on November 4, 2010, when the 90-day period for filing a petition for writ of certiorari expired.  *See* United States Supreme Court Rule 13.1; *Clay v. United States,* 537 U.S. 522, 525 (2003) (state judgment becomes final for habeas purposes when the time expires for filing a petition for writ of certiorari to the Supreme Court or ninety days following the decision of the state's highest court).

In light of the belated direct appellate review offered to Petitioner by the post-conviction court, the judgment became final for direct appeal purposes on November 4, 2010.  *See Frasch v. Peguese*, 414 F.3d 518 (4th Cir. 2005).  Petitioner had a one-year period, from November 4, 2010 until November 3, 2011, to file a § 2254 Petition for habeas corpus relief.    This Petition was not filed until May 15, 2012.   There were no matters pending in state court related to Petitioner's criminal case which would have provided for statutory tolling under 28 U.S.C. §  2244(d)(2).  Thus, the statute of limitations period ran unchecked and untolled.

In his original habeas application, Petitioner claimed that the one-year limitation period does not apply because his attorney never informed him of it.  (ECF No. 1 at 5).  To the extent that he is arguing that the one-year limitation period under § 2244(d)(1) should be equitably tolled due to his lack of knowledge of the law, the court finds his claim unavailing.  Equitable tolling applies only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).  In *Holland v. Florida,* 130 S.Ct. 2549 (2010), the Supreme Court affirmed that equitable tolling applies to the one-year statute of limitations set out in § 2244(d).  *Id*. at 2554.  Specifically, the Court found that in order to be entitled to equitable tolling the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing.  *Id*. at 2562; *see also Pace v.*

*DiGuglielmo*, 544 U.S. 408, 418 (2005). Claims of negligence, self-representation status, or ignorance of the law, however, are not compelling grounds for equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting the statute of limitations under § 2244(d) does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (self-representation status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of the Antiterrorism and Effective Death Penalty Act's amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling).

Petitioner was sentenced in 2002 and, as he did not advance his claims within a reasonable time of their availability and otherwise sat on his rights, his habeas corpus Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed with prejudice.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability ("COA") should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Petitioner does not satisfy this standard, and the Court declines to issue a COA. A separate Order shall be entered in accordance herewith.

Date:  August 13, 2012            _____/s/_____
                                  DEBORAH K. CHASANOW
                                  United States District Judge